**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                 )
EDWIN RUA,                   )
         Plaintiff,       )
                                 )
vs.                          )     CIVIL ACTION
                                 )     NO. 10-40251-FDS
GUY W. GLODIS, KATHY      )
WISNIEWSKI, GERALDINE    )
SOMERS, THOMAS PATNAUDE,  )
PAM JONES, ET AL.,        )
         Defendants    )
                                 )
_____)

**<u>ORDER</u>**
April 8, 2011

**HILLMAN, M.J.**

**<u>Nature of the Proceeding</u>**

This matter was referred to me by Order of Reference dated February 23, 2011, for a

decision on Plaintiff's Motion for Appointment of Counsel (Docket No. 8).

**<u>Nature of the Case</u>**

The Plaintiff, Edwin Rua, has filed a Complaint against Guy Glodis, Kathy Wisniewski,

Geraldine Somers, Thomas Patnaude, Pam Jones, and others, alleging violations of his civil

rights under 42 U.S.C. §§ 1983, 1985, and 1986. Specifically, he alleges that he received

inadequate medical care in violation of the Eight Amendment after being injured in a motor

vehicle accident while being transported by the Worcester County Sheriff's Department. He

further alleges that his due process rights under the Fifth and Fourteenth Amendment have been violated because he was denied the right to file a grievance regarding his alleged inadequate medical treatment.

## Discussion

Rua requests that counsel be appointed to represent his interests in this matter. There is no constitutional right to counsel in civil cases. *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam); citing *Andrews v. Bechtel Power Corporation and Local 276, Plumbers and Pipefitters Union*, 780 F.2d 124, 137 (1st Cir. 1985). However, this Court has granted Rua's motion to proceed *in forma pauperis*, and therefore, Rua may seek appointment of counsel in accordance with 28 U.S.C. § 1915(e)(1).

In order to qualify for appointment of counsel under Section 1915(e)(1), the party must be indigent[1] and "exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights." *DiBuono v. Guckenheimer Enterprises, Inc.*, 2011 WL 180554, Civ. No. 10-40255-FDS, *1 (D.Mass. Jan. 13, 2011); *Cookish,* 787 F.2d at 2. In determining whether exceptional circumstances exist, the court must look to the totality of the situation. *DesRosiers v. Moran*, 949 F.2d 15, 25 (1st Cir. 1991). There are several factors that demonstrate "exceptional circumstances", including: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." *Cookish*, 787 F.2d at 3 (internal citations omitted).

The aforementioned factors are not exhaustive. *DesRosiers*, 949 F.2d at 24 ("a court must examine the *total* situation" (emphasis added)). In determining whether to appoint counsel in civil proceedings, courts additionally have considered the likelihood of success of the claim,

---

[1] As noted, the Court has found that Rua is indigent.

whether information necessary to support a petitioners claims are available in prior court filings, and the petitioner's prior experience litigating his or her own claims. *United States v. Mala*, 7 F.3d 1058, 1063 (1st Cir. 1993) (noting the "fair likelihood of success on the constitutional claim" cut towards appointing counsel for habeas petitioner); *Lucien v. Spencer*, 534 F.Supp.2d 207, 210 (D.Mass. 2008) ("When a petitioner can find the information necessary to support his claims in prior court filings, appointment of counsel is typically not appropriate."); *Carmichael v. Warden*, 346 F. Supp. 2d 207, 209 (D.Me. 2004) (noting the "veteran litigator" petitioner's previous involvement in lawsuits and his ability to file appropriate motions demonstrate an ability to represent himself).

In support of his request, Rua asserts: (1) he has attempted to find outside counsel to represent him but has been unsuccessful[2]; (2) he suffers from severe disabling injuries which limit his ability to present such a "complex case"; and (3) the Worcester County Jail does not provide sufficient access to a law library to permit him to prepare effective legal arguments or to make timely filings in response to his opponents' filings and/or court orders. For the reasons set forth below, this Court does not find that Rua has presented the type of exceptional circumstances that warrant appointment of counsel.

First, neither the legal issues nor the underlying supporting facts are particularly complex, and Rua has demonstrated a sufficient ability to draft coherent legal arguments and pleadings. Second, as evidenced by the supporting documentation in his pleadings, Rua has shown that he is more than able to conduct an investigation and obtain evidence to substantiate his claims. For the most part, he has complied with the rules of this Court. Third, he has been transferred from the Worcester County Jail to the Plymouth County Jail; therefore, for purposes of this motion, his

---

[2] Rua had previously obtained a law firm to represent him, but that firm ultimately refused to pursue the case. He has contacted several lawyers/law firms seeking *pro bono* representation, without success. *See* Motion for Appointment of Counsel (Docket No. 8), at *Ex. A*.

contention that he does not have adequate access to a law library is moot.  In any event, the docket reflects that Rua has been responding to filings made by the Defendants and filed his own pleadings with a frequency which belies any argument that his access to the Court is being impinged. Finally, the Court must consider the merits of Rua's claim. At this stage of the proceedings, given the high burden which a plaintiff in Rua's position must overcome in order to succeed on an Eight Amendment claim[3], I cannot find that there is a strong likelihood he will succeed on the merits of his claims.

Rua has failed to establish the existence of exceptional circumstances which would justify appointment of counsel; therefore, his motion is denied.  I am denying Rua's motion without prejudice to Rua filing a renewed motion for appointment of counsel if, as the case proceeds, he believes he can establish the existence of extraordinary circumstances which warrant the appointment of counsel.

## Conclusion

Plaintiff's Motion for Appointment of Counsel (Docket No. 8) is **denied**, without prejudice.

/s/ Timothy S. Hillman_____
**TIMOTHY S. HILLMAN**
 **UNITED STATES MAGISTRATE JUDGE**

---

[3] In order to establish an Eight Amendment claim for denial of appropriate medical care, Rua must establish that the Defendants' acts or conduct constituted a deliberate indifference to his serious medical needs. Simple malpractice falls too short of establishing a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 162 (1st Cir. 2006) (The care provided must have been "'so inadequate as to shock the conscience.")