UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN RUA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GUY W. GLODIS, GERALDINE ) <br> SOMERS, THOMAS PATNAUDE, ) <br> KATHY WISNIEWSKI, et al., ) <br> Defendants. ) <br> ) | Civil Action No. <br> 10-40251-FDS |

## MEMORANDUM AND ORDER ON MOTIONS RELATING TO SERVICE OF PROCESS, DISCOVERY MOTIONS, AND MOTION FOR SANCTIONS

**SAYLOR, J.**

This action is brought by a state prisoner for alleged medical malpractice and inadequate prison conditions arising out of injuries he suffered in a motor vehicle accident while being transported in custody. This memorandum addresses three issues: motions relating to service of process on three defendants, discovery motions demanding production of plaintiff's medical records, and a motion by two defendants for sanctions pursuant to Fed. R. Civ. P. 11(c).

**I.    Motions Relating to Service of Process**

On December 20, 2010, this Court granted plaintiff's motion to file the action *in forma pauperis* and ordered that the clerk issue summonses and that the United States Marshals Service serve each defendant as directed by plaintiff. Service was attempted at the Worcester County Sheriff's Office, but could not be completed on Glodis, Patnaude, or Wisniewski, apparently because they no longer work at the office or at the facility where the medical malpractice is alleged to have occurred. Plaintiff has filed motions for an order of notice relieving him of the

duty to complete actual service and for an extension of time to serve these defendants.

Addressing the motion to extend first, the Court notes that it has discretion to extend the period for service of process. Fed. R. Civ. P. 4(m). Moreover, an extension is required if the plaintiff demonstrates good cause for his failure to serve. *Id.* Considering the difficulty an inmate would have in investigating defendants' whereabouts, Rua has shown good cause for failing to serve defendants after the U.S. Marshal was unable to do so. He will therefore be granted a reasonable amount of time to attempt service a second time.

The motion for an order of notice will be denied while plaintiff attempts service again. Fed. R. Civ. P. 4(e)(1) allows service of process upon an individual by any means authorized by laws of the state in which the District Court sits. Massachusetts rules allow service by a court order of notice, but such orders may be granted only if, after "diligent search," the plaintiff "can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made." Mass. R. Civ. P. 4(d)(1). Defendant Patnaude argues that a single attempt by the Marshals Service to serve him at a facility where he was formerly employed is not a "diligent search" warranting an order of notice. Without deciding whether Rua's efforts were sufficiently diligent under this standard, the Court will deny the motion for order of notice to allow the Marshals Service to attempt service again during the extended service period.

In order to execute service, however, the Marshal will need more information than the plaintiff is capable of providing. Counsel for Patnaude has appeared in the action, but insists that he is not authorized to accept service on his client's behalf. Under the circumstances, the only practical method of serving defendants is for the Marshals Service to deliver the summons to their last known home addresses. Mass. R. Civ. P. 4(d)(1). However, under Mass. Gen. Laws ch. 66,

2

§ 10, and ch. 4, § 7 cl. 26(o), defendants' home addresses are not subject to public disclosure.

The Court will therefore order defense counsel to submit to the Court, *ex parte* and under seal, the last known home addresses of Patnaude, Wisniewski, and Glodis. The Court will complete the service forms and will provide them, along with copies of the complaint, directly to the U.S. Marshal. *See, e.g.*, *Combs v. Lehman*, 2009 WL 497124, at *2 (W.D. Wash. Feb. 24, 2009) (requiring Washington Department of Corrections to provide, under seal, addresses of retired prison employees for purposes of service by a U.S. Marshal). Alternatively, counsel for these defendants may obtain permission and agree to accept service on their clients' behalf.

## II.     Discovery Motions

Both plaintiff and defendants Patnaude and Somers have filed motions to compel production of documents, particularly plaintiff's medical records. Defendants ask for orders that two hospitals and the Worcester County Jail produce all relevant treatment records. Plaintiff claims that such an order is prohibited by physician-patient privilege and the limits on the scope of discovery set forth in Fed. R. Civ. P. 26. At the same time, plaintiff seeks an order to compel the Plymouth County Correctional Facility Inmate Legal Department to grant him access to the same records. Defendant Somers has also moved for an order that plaintiff produce his medical records, employment history, tax returns, and other financial records.

There is no doubt that at least some of the medical records defendants request are within the scope of discovery under Rule 26. Discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Any physician-patient privilege that might otherwise protect plaintiff's documents is waived by the filing of a malpractice suit by the patient against the physician. *Cf. Federal Deposit Ins. Corp. v. R.W. Beck, Inc.*, 2004 WL

3

1474579 (noting that, "[as] with any privilege," the attorney-client privilege is waived by malpractice claims). That said, defendants request other information that is related to the injuries alleged in this case only marginally, if at all. Production of such records may eventually prove necessary, but is premature at best at this stage of the litigation, where several defendants remain to be served and a motion to dismiss remains pending. *See* Fed. R. Civ. P. 16(b)(2)(C) (authorizing the Court to limit excessive discovery). For these reasons, the motion of defendant Somers to compel plaintiff to produce records will be granted with respect to plaintiff's medical records and bills relating to the injuries alleged in this case, but denied without prejudice with respect to employment documentation and tax returns. To the extent plaintiff himself has access to the medical records, he must produce them to allow this action to move forward. If plaintiff cannot access the records, he must provide a release to enable defendants to request the records from the appropriate medical facilities.

The motion of defendants Patnaude and Somers for orders directed to Lawrence General Hospital, Saint Vincent Hospital, and the Worcester County Jail raises a separate issue. None of those institutions are parties to the action, and the proper method for obtaining records in their custody is a *subpoena duces tecum* pursuant to Fed. R. Civ. P. 45. Defendants contend that "plaintiff objected to [their] issuance of subpoenas," but no such objection has been raised with the Court. The motion will therefore be denied, but defendants are free to seek subpoenas from the clerk if plaintiff's releases fail to enable defendants to access the records without court action.

Plaintiff's motion to compel the Plymouth County Correctional Facility Inmate Legal Department to produce his medical records will be denied for the same reason. The facility is not a party to this action, and therefore an order to compel discovery under Fed. R. Civ. P. 34 is not

4

appropriate. Plaintiff must seek from the clerk a *subpoena duces tecum* pursuant to Fed. R. Civ. P. 45.

**III.     Sanctions**

Defendants Somers and Patnaude have filed motions for sanctions pursuant to Fed. R. Civ. P. 11(c). They point to the excess number of motion filings made by plaintiff and request that the Court enjoin plaintiff from filing further motions without leave of the Court.

It is true that Rule 11 sanctions may be imposed upon *pro se* litigants who submit pleadings for an improper purpose or with frivolous or malicious claims. *Azubuko v. MBNA America Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) (citing *Eagle Eye Fishing Corp. v. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (holding that proceeding *pro se* "is not a license not to comply with the relevant rules of procedural and substantive law")). Plaintiff's motions have been excessive and unnecessary. They also demonstrate a misunderstanding of the nature and purpose of civil motion practice. Nonetheless, legal ineptitude alone does not warrant sanctions. The Court notes, however, that it may consider sanctions in the future if plaintiff does not reduce the number of his unnecessary filings.

**IV.     Conclusion**

For the foregoing reasons,

1. the motion by plaintiff to extend the period for service of process is GRANTED and the period is extended until sixty days from the date of this Order;

2. within 21 days of the date of this Order, counsel for the defendants shall either (a) agree to accept service for Glodis, Patnaude, and Wisniewski by filing a notice of the same; or (b) submit, *ex parte* and under seal, the last known addresses, if any,

at which Glodis, Patnaude, and Wisniewski may be personally served;

3. upon the filing of a notice that counsel will accept service for defendants, or the submission by counsel of their last known addresses, the Clerk shall issue summons as to each and arrange for service by the United States Marshal, who shall file a return receipt of service without disclosing the addresses;

4. the motion by plaintiff for an order of notice is DENIED as moot;

5. the motion by defendant Somers to compel production of documents by plaintiff is GRANTED with respect to the medical records and DENIED with respect to employment documentation, wages history, and tax returns;

6. the motion by defendants Patnaude and Somers for an order for medical records is DENIED;

7. the motion by plaintiff for access of copying medical records is DENIED;

8. the motion by defendants Patnaude and Somers for sanctions is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 24, 2011