UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN RUA,<br><br>Plaintiff,<br><br>v.<br><br>GUY W. GLODIS, GERALDINE SOMERS, THOMAS PATNAUDE, KATHY WISNIEWSKI, et al.,<br>Defendants. | Civil Action No.<br>10-40251-FDS |

## AMENDED MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTIONS TO DISMISS

SAYLOR, J.

This action is brought by a state prisoner for alleged medical malpractice and inadequate prison conditions arising out of injuries he suffered in a motor vehicle accident while being transported in custody. After the accident, plaintiff Edwin Rua was treated by defendants Pam Jones, Sue Rogers, Thomas Patnaude, Geraldine Somers, and other unnamed medical staff.[1] Rua filed a *pro se* amended complaint alleging that defendants are liable under 42 U.S.C. §§ 1983, 1985, and 1986 for violating and conspiring to violate his rights under various constitutional provisions including the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments, and that all defendants are liable under state law for various torts including medical malpractice and negligence.

Defendants Somers, Jones, Rogers have each moved to dismiss the claims against them

---

[1] The amended complaint also names Kathy Wisniewski, the Medical Department Director, and Guy Glodis, Lewis Evangelidis, Shawn Jenkins of the Worcester County Sheriff's Department as defendants.

under Mass. Gen. Laws ch. 231 § 60B and Fed. R. Civ. P. 12(b)(6); Evangelidis, and Jenkins have moved to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6). For the following reasons the motions will be granted in part and denied in part.

I.  **Background**

The following factual allegations are drawn from the amended complaint and the attached exhibits.

In March 2008, Rua was arrested and held at the Worcester County House of Corrections pending trial. (Am. Compl. ¶¶ 1, 2). On July 25, 2008, he was in a motor vehicle accident while being transported to a court hearing by the Worcester County Sheriff's Department. (*Id.* ¶ 5). He contends that as a result of the accident, he suffered serious injuries and was in tremendous pain. (*Id.* ¶¶ 7-9). He was taken by ambulance to Lawrence General Hospital where he examined for injuries. He was given morphine and prescribed Motrin for the pain. (*Id.* ¶ 14, ex. EE).

Rua further alleges that upon returning to the House of Corrections, he frequently requested medical services and filed numerous grievances about his medical treatment and his living conditions. (*See id.* ¶¶ 15, 47-53, 56, 61, 66, Ex. E, G, I). Over the course of the following year, he continued to receive outside medical treatment at St. Vincent Hospital for persistent lower-back pain and headaches. (*See Id.* ¶ 22, Exs. H, EE).

In early February 2009, Rua stopped receiving pain medication. (*Id.* ¶ 24). He contends that he repeatedly complained about this, but was told to stop lying about his medical condition. (*Id.*). Eventually, Pam Jones, a nurse for the medical department at the House of Corrections, started bringing him his medications. (*Id.* ¶¶ 24-25). Rua alleges that on several occasions Jones yelled at him and told him he was faking his injuries, and that in February 2009, she began

2

crushing his medication such that he could not take it. (*See id.* ¶¶ 25, 31, 36).

In September 2009, Rua received spinal injections to treat his injuries. (*Id.* ¶ 38). He alleges that as a result, he was in tremendous pain, but was not provided with any pain medication. (*Id.* ¶¶ 38-39). During a followup appointment, Rua had an MRI to evaluate his condition. (*Id.* ¶¶ 43-44). Geraldine Somers, a primary care physician, reviewed the MRI results and told him that there were no signs that anything was wrong and that he was likely suffering from common nerve problems. (*Id.* ¶ 45). Rua continued to complain about his pain and medical attention and eventually met with Somers again in December. He alleges that Somers did not allow him to explain his complaints and told him that there was nothing that they could do and he had to "deal with it." (*Id.* ¶ 46).

From January 2009 through December 2010, Rua filed numerous grievances and wrote letters to Kathy Wisniewski, the Medical Department Director, and others concerning his medical treatment and lack of sufficient access to outside medical care. (*Id.* ¶¶ 47-53, 56-58, 61, 63, 65-66, 68). The grievances were denied. (*See id.*). He alleges that he continues to suffer from, among other things, headaches, dizziness, and back pain, and that he has lost feeling in the left side of his forehead. (*Id.* ¶ 71).

## II. Procedural History

Rua filed a *pro se* complaint on December 10, 2010, and subsequently amended the complaint. On March 18, 2011, this Court referred the case to a medical malpractice tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B as to the claims against defendants Somers, Patnaude, Rogers, and Jones, all of whom are medical providers. A medical malpractice tribunal was scheduled for August 4, 2011. On August 16, 2011, the Worcester Superior Court dismissed

3

the medical malpractice claims for failure to file an offer of proof before the tribunal. (Order of the Medical Malpractice Tribunal, Attach. 1). The case was then transferred back to this Court.

Defendants Somers, Jones, and Rogers moved to dismiss the claims arising under 42 U.S.C. §§ 1983, 1985, and 1986 for failure to state a claim upon which relief can be granted, and have moved to dismiss the medical malpractice claims pursuant to Mass. Gen. Laws ch. 231 § 60B. Defendants Evangelidis, and Jenkins moved to dismiss the claims against them for failure to state a claim upon which relief can be granted.

## III. Standard of Review

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Material attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them on a motion to dismiss. *Trans-Spec Truck Serv. v. Caterpillar*, 524 F.3d 315, 321 (1st Cir. 2008). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). However, the Court need not consider "bald assertions [or] unsupportable conclusions." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal

is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## IV. Analysis

Plaintiff's claims are something of a tangled web, but generally fit into three basic categories: (1) medical malpractice claims that were referred to a medical malpractice tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B; (2) federal civil rights claims arising under 42 U.S.C. §§ 1983, 1985, and 1986; and (3) other claims arising under state law.

### A. Medical Malpractice Claims

Mass. Gen. Laws ch. 231 § 60B requires that "[e]very action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal," where "the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." Mass. Gen. Laws ch. 231 § 60B. "If a finding is made for the defendant[s] . . . the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars." *Id.* "If a plaintiff declines to make an offer of proof, then the judge may assume that the plaintiff's claims are entirely frivolous." *Denton v. Beth Israel Hospital*, 392 Mass. 277, 280 (1984). Although this does not necessarily require a dismissal of the medical malpractice claims, "a plaintiff may, in effect, 'waive' the tribunal by declining to present an offer of proof," and thus "assume[] voluntarily the financial burden of the bond." *Id.* at 279-81 & n.4.

Here, plaintiff's malpractice claims were dismissed by the Worcester County Superior

5

Court due to his failure to present an offer of proof at the medical malpractice tribunal. (Order of the Medical Malpractice Tribunal, Attach. 1). Thus, a finding was made for the defendants, and by operation of law plaintiff may only pursue his treatment-related claims if he posts a $6,000 bond. Mass. Gen. Laws ch. 231 § 60B. If plaintiff does not post the bond within 30 days of the finding, this Court is required to dismiss those claims with prejudice. *Id.*; *Brace v. Massachusetts*, 673 F. Supp. 2d 36, 39 (D. Mass. 2009) (quoting *Farese v. Connolly*, 422 Mass. 1010, 1010 (1996)).

Plaintiff did not post a bond within 30 days. He nonetheless contends that his claims should not be dismissed because he is indigent and unable to pay the bond.[2] Construed liberally, the Court will analyze this as a motion to reduce the bond amount. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").[3] "[A]n indigent person [is] 'entitled to have the bond reduced to an amount commensurate with [his] ability to pay' [only] in cases where [he] 'has made a good faith effort to present an offer of proof sufficient to meet the directed verdict standard'" *Rogers v. Boston*, 33 Mass. App. Ct. 328, 329 (1992) (quoting *Denton*, 392 Mass. at 280-81)).

Plaintiff has filed more than 100 pages of medical reports with this Court and actively

---

[2] Plaintiff also contends that his claims should not be dismissed because he has appealed the Superior Court's dismissal of his medical malpractice claims to the Massachusetts Appeals Court. However, even if the Superior Court erred in dismissing the case, by failing to make an offer of proof, plaintiff has effectively waived the tribunal and must still post a bond in order to pursue his medical malpractice claims. *Denton*, 392 Mass. at 270-81 & n.4.

[3] Chapter 231, § 60B allows plaintiff to file a motion requesting that the Court determine that he was indigent and reduce the amount of the bond. However, this Court is not permitted to eliminate the requirement that plaintiff pay a bond in order to pursue his claim. Mass. Gen. Laws c. 231 § 60B.

filed motions in state court to schedule the tribunal hearing and to explain his barriers preventing him from attending the hearing. Although he is proceeding *pro se*, he has repeatedly demonstrated his competence in filing motions and bringing evidence and other issues to the Court's attention that he believes are relevant to his claims. Despite this, he failed to submit any offer of proof to the medical malpractice tribunal. Under the circumstances, the Court cannot say that plaintiff made a good faith effort to present an offer of proof to the medical malpractice tribunal.[4] Plaintiff is thus required to pay the full bond to pursue his treatment-related claims.

Accordingly, pursuant to Mass. Gen. Laws ch. 231 § 60B, within 30 days of this order plaintiff must post a $6000 bond. If a bond is not posted within 30 days of this order, the medical malpractice claims against defendants Somers, Rogers, and Jones will be dismissed with prejudice.[5]

### B. Federal Civil Rights Claims

#### 1. Section 1983 Claims

Construed liberally, the complaint asserts three claims arising under § 1983: (1) that the actions of defendants Jones, Rogers, Somers, and Patnaude violated plaintiff's constitutional rights; (2) that defendant Wisniewski, the medical department director, failed to train her staff

---

[4] Obviously, an incarcerated plaintiff proceeding *pro se* at a medical malpractice tribunal is at a considerable disadvantage. In fact, it appears that plaintiff here was prevented from attending the tribunal hearing. Nonetheless, that does not explain why he did not file a written offer of proof or otherwise attempt to comply with the requirements of the tribunal.

[5] The Superior Court also dismissed all medical malpractice claims against defendant Patnaude. However, Patnaude was not formally served until November 2011—after the Superior Court dismissed the medical malpractice claims. Upon being served, Patnaude moved to refer the medical malpractice claims against him to a medical malpractice tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B. This Court denied the motion as moot and Patnaude has moved that this Court reconsider its order. Although he was apparently aware of the action, he did not waive service and was not otherwise properly served when the state court dismissed plaintiff's medical malpractice claims. Accordingly, Patnaude's motions to reconsider and to transfer the case and stay discovery will be granted.

adequately, and that the failure to train resulted in the alleged constitutional violations relating to plaintiff's medical treatment; and (3) that defendants Glodis, Evangelidis, and Jenkins, in their individual and official capacities at the Worcester Sheriff's Department, maintained an unconstitutional policy that resulted in the deprivation of plaintiff's constitutional rights.

Defendants Wisniewski, Patnaude, and Glodis have not filed motions to dismiss the claims brought against them. Therefore, the Court will address the claims brought against defendants Somers, Jones, Rogers, Evangelidis, and Jenkins.

### a. Claims against defendants Somers, Jones, and Rogers

The Court denied Somers's motion to dismiss the original complaint as moot after plaintiff filed an amended complaint. Likewise, defendants Jones and Rogers have moved to dismiss the § 1983 claims in the original complaint. Accordingly, their motion to dismiss will be denied as moot without prejudice to its renewal.

The Court allowed plaintiff to file an amended complaint after defendants had moved to dismiss and filed supporting memoranda. Thus, in the interest of fairness, defendants Somers, Jones, and Rogers may renew their motions to dismiss plaintiff's § 1983 claims in the amended complaint within 14 days of this order.

### b. Claims against defendants Evangelidis and Jenkins

The amended complaint also asserts that defendants Evangelidis and Jenkins are liable under § 1983 because they maintained an unconstitutional policy of denying grievances regarding medical treatment. The maintenance of certain institutional policies, or the failure to implement policies where needed, may constitute a constitutional violation under some circumstances. *See, e.g., Burrell v. Hampshire County*, 307 F.3d 1, 10 (1st Cir. 2002). However, defendants

8

Evangelidis and Jenkins are not mentioned in the facts section of the amended complaint, and the assertion that they failed to correct an unconstitutional policy in the request for relief is conclusory. Thus, plaintiff's § 1983 claims against Evangelidis and Jenkins are not sufficient to meet even the minimal pleading requirements of Rule 8. *Doyle*, 103 F.3d at 190.[6]

## 2. Section 1985 and Section 1986 Claims

The first page of the amended complaint generally asserts a violation of 42 U.S.C. § 1985(3), conspiracy to interfere with civil rights, and § 1986, knowing failure to prevent such a conspiracy.[7] However, the amended complaint does not indicate which defendant allegedly violated these provisions. Even construed liberally to implicitly assert a claim against every defendant, to state a claim under § 1985(3) the amended complaint

> must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

As interpreted by the Supreme Court, to state a claim under § 1985(3) the complaint must allege that the "conspiratorial conduct of which [plaintiff] complains is propelled by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting

---

[6] The amended complaint also alleges that defendants Evangelidis and Jenkins are liable under state law for negligence involving the motor vehicle accident that occurred while plaintiff was being transported in the custody of the Worcester County Sheriff's Department. Defendants contend they are immune under the Massachusetts Tort Claims Act and have moved to dismiss. Because there are insufficient factual allegations in the complaint to assert any claim against defendants Evangelidis and Jenkins, the Court does not reach this issue.

[7] Section 1985 prohibits conspiracy to interfere with civil rights by (1) preventing an officer from performing his or her duties, (2) obstructing justice by intimidating a party, witness, or juror, or (3) depriving a person of his or her legal rights or privileges. 42 U.S.C. § 1985. Construed liberally, the complaint alleges only a violation of § 1985(3)—a conspiracy to interfere with plaintiff's civil rights by depriving him of his legal rights or privileges.

9

*Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). The complaint contains no such plausible allegation against any defendant, and therefore fails to meet even the minimal pleading standards of Rule 8(a). The claims under § 1985 will therefore be dismissed.

Section 1986 creates a right of action against a person who knew of any of the wrongful acts described in § 1985, had the power to prevent them, and failed to do so. As discussed, the complaint fails to allege any wrongful acts under § 1985, and accordingly the claims under § 1986 will also be dismissed. *See Hahn v. Sargent*, 523 F.2d 461, 469-70 (1st Cir. 1975) ("[A]ppellant's claim under § 1986 falls upon the rejection of his § 1985 claims.").

### V.  Conclusion

For the foregoing reasons,

1. Within 30 days of this order plaintiff must post a $6000 bond. If a bond is not posted within 30 days of this order, the medical malpractice claims against defendants Somers, Rogers, and Jones will be dismissed with prejudice.

2. Defendant Patnaude's motion to reconsider is GRANTED. The medical malpractice claims brought against him will be transferred to a medical malpractice tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B. Discovery concerning the claims against Patnaude will be stayed pending the result of the tribunal.

3. The motions of Jones and Rogers to dismiss the § 1983 claims brought against them is DENIED without prejudice. Defendants Somers, Jones, and Rogers may file motions to dismiss the amended complaint within 14 days of this order.

4. The motion to dismiss the claims brought against defendants Evangelidis and Jenkins is GRANTED.

**So Ordered.**

                                                               /s/ F. Dennis Saylor
                                                               F. Dennis Saylor IV
                                                               United States District Judge

Dated: June 14, 2012