## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————
| | ) |
|---|---|
| **EDWIN RUA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No.** |
| | )     **10-40251-FDS** |
| **GUY W. GLODIS, GERALDINE** | ) |
| **SOMERS, THOMAS PATNAUDE,** | ) |
| **KATHY WISNIEWSKI, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

———————————————————————)

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This action is brought by a state prisoner for alleged medical malpractice and inadequate

prison conditions arising out of injuries he suffered in a motor vehicle accident while being

transported in custody.  After the accident, plaintiff Edwin Rua contends that he was treated by

defendants Pam Jones, Sue Rogers, Thomas Patnaude, Geraldine Somers, and other unnamed

medical staff.[1]  Rua filed a *pro se* amended complaint alleging that defendants are liable under

42 U.S.C. §§ 1983, 1985, and 1986 for violating and conspiring to violate his rights under

various constitutional provisions including the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth

Amendments, and that all defendants are liable under state law for various torts including

medical malpractice and negligence.

Defendants Somers, Jones, and Rogers have each moved to dismiss the claims against

---

[1] The amended complaint also names Kathy Wisniewski, the Medical Department Director, and Guy
Glodis, Lewis Evangelidis, Shawn Jenkins of the Worcester County Sheriff's Department as defendants.

them under Mass. Gen. Laws ch. 231 § 60B and Fed. R. Civ. P. 12(b)(6); Evangelidis, and

Jenkins have moved to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6).  For the

following reasons the motions will be granted in part and denied in part.

## I.    <u>Background</u>

The factual allegations are drawn from the amended complaint and attached exhibits.

In March 2008, Rua was arrested and held at the Worcester County House of Corrections

pending trial.  (Am. Compl. ¶¶ 1, 2).  On July 25, 2008, he was in a motor vehicle accident while

being transported to a court hearing by the Worcester County Sheriff's Department.  (*Id.* ¶ 5).

He contends that as a result of the accident, he suffered serious injuries and was in tremendous

pain.  (*Id.* ¶¶ 7-9).  He was taken by ambulance to Lawrence General Hospital where he

examined for injuries.  He was given morphine and prescribed Motrin for the pain.  (*Id.* ¶ 14, ex.

EE).

Rua further alleges that upon returning to the House of Corrections, he frequently

requested medical services and filed numerous grievances about his medical treatment and his

living conditions.  (*See id.* ¶¶ 15, 47-53, 56, 61, 66, Ex. E, G, I).  Over the course of the

following year, he continued to receive outside medical treatment at St. Vincent Hospital for

persistent lower-back pain and headaches.   (*See Id.* ¶ 22, Exs. H, EE).

In early February 2009, Rua stopped receiving pain medication.  (*Id.* ¶ 24).  He contends

that he repeatedly complained about this, but was told to stop lying about his medical condition.

(*Id.*).  Eventually, Pam Jones, a nurse for the medical department at the House of Corrections,

started bringing him his medications.  (*Id.* ¶¶ 24-25).  Rua alleges that on several occasions Jones

yelled at him and told him he was faking his injuries, and that in February 2009, she began

crushing his medication such that he could not take it.  (*See id.* ¶¶ 25, 31, 36).

In September 2009, Rua received spinal injections to treat his injuries.  (*Id.* ¶ 38).  He alleges that as a result, he was in tremendous pain, but was not provided with any pain medication.  (*Id.* ¶¶ 38-39).  During a followup appointment, Rua had an MRI to evaluate his condition.  (*Id.* ¶¶ 43-44).  Geraldine Somers, a primary care physician, reviewed the MRI results and told him that there were no signs that anything was wrong and that he was likely suffering from common nerve problems.  (*Id.* ¶ 45).  Rua continued to complain about his pain and medical attention and eventually met with Somers again in December.  He alleges that Somers did not allow him to explain his complaints and told him that there was nothing that they could do and he had to "deal with it."  (*Id.* ¶ 46).

From January 2009 through December 2010, Rua filed numerous grievances and wrote letters to Kathy Wisniewski, the Medical Department Director, and others concerning his medical treatment and lack of sufficient access to outside medical care.  (*Id.* ¶¶ 47-53, 56-58, 61, 63, 65-66, 68).  The grievances were denied.  (*See id.*).  He alleges that he continues to suffer from, among other things, headaches, dizziness, and back pain, and that he has lost feeling in the left side of his forehead.  (*Id.* ¶ 71).

## II.   <u>Procedural History</u>

Rua filed a *pro se* complaint on December 10, 2010, and subsequently amended the complaint.  Defendants Somers, Rogers, Jones, Evangelidis, and Jenkins moved to dismiss.  In an order dated June 13, 2012, and amended on June 14, the Court (1) dismissed the claims brought against Evangelidis and Jenkins; (2) ordered plaintiff to post a $6000 bond within 30 days to proceed with his medical malpractice claims against Somers, Jones, and Rogers; and (3)

referred the medical malpractice claims brought against Patnaude to a medical malpractice

tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B.  The Court denied without prejudice as

moot the motions of Somers, Jones, and Rogers to dismiss the § 1983 claims and gave them 14

days to renew their motions to dismiss as to the amended complaint.

Plaintiff did not post a $6000 bond, or any other bond, within 30 days of the order.

Defendants Somers, Jones, and Rogers have renewed their motions to dismiss.[2]  Plaintiff has

moved that the Court reconsider the dismissal of the claims against defendants Evangelidis and

Jenkins.[3]  For the following reasons, defendants' motions will be granted in part and denied in

part and plaintiff's motion will be denied.

## I.    Standard of Review on Motions to Dismiss

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth

of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences

therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing

*Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Material attached to a complaint, or

incorporated by reference, are a part of the pleading itself, and the Court may consider them on a

motion to dismiss.  *Trans-Spec Truck Serv. v. Caterpillar*, 524 F.3d 315, 321 (1st Cir. 2008).  To

survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to

---

[2] Defendant Patnaude has filed a motion to dismiss some of the claims brought against him.  The medical malpractice claims brought against Patnaude are currently pending before a medical malpractice tribunal in state court.  The Court will therefore not address the claims against Patnaude at this time.

[3] Plaintiff has also moved to reduce the medical malpractice bond amount pursuant to Mass. Gen. Laws ch. 231 § 60B.  The Court considered this issue in its prior order and Plaintiff's motion will be denied for the reasons stated therein.

raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). However, the Court need not consider "bald assertions [or] unsupportable conclusions." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## II.   Analysis

### A.   Medical Malpractice Claims Against Somers, Rogers, and Jones

As noted, the Court ordered in June 2012 that plaintiff post a $6000 bond within 30 days, or the medical malpractice claims against defendants Somers, Rogers, and Jones would be dismissed. No such bond was posted. Accordingly, any medical malpractice claims against defendants Somers, Rogers, and Jones will be dismissed.

### B.   Section 1983 Claims Against Somers, Rogers, and Jones

Section 1983 is a vehicle for vindicating substantive rights conferred by the Constitution or laws of the United States that have been violated by persons acting under color of state law. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Albright v. Oliver*, 510 U.S. 266, 315 (1994). Here, it is not disputed that defendants are state actors being sued for actions taken pursuant to their official duties; the issue is solely whether their actions deprived plaintiffs of their constitutional rights.

Construed liberally, the amended complaint alleges that the conduct of defendants Somers, Rogers, and Jones amounted to cruel and unusual punishment in violation of the Eighth Amendment.[4]  Defendants Somers, Rogers, and Jones have moved to dismiss the claims for failure to state a claim upon which relief can be granted.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment."  This prohibition clearly encompasses "inherently barbaric" punishments, *Graham v. Florida*, 130 S. Ct. 2011, 2021 (2010), and conditions of confinement that impose "unnecessary and wanton infliction of pain," *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  However, "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Thus, "[t]o succeed on an Eighth Amendment claim based on inadequate or delayed medical care, a plaintiff must satisfy both a subjective and objective inquiry:  he must show first, 'that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety,' and second, that the deprivation alleged was 'objectively, sufficiently serious.'"  *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Burrell v. Hampshire County*, 307 F.3d 1, 8 (1st Cir. 2002)).  "The standard encompasses a 'narrow band of conduct':  subpar care amounting to negligence or even

---

[4] The complaint also broadly violations of plaintiff's rights under the First, Fourth, Ninth, and Fourteenth Amendments.  Neither the amended complaint nor plaintiff's opposition memoranda indicate how defendants' actions violated plaintiff's rights under the First or Fourth Amendments or how the Fourteenth Amendment "liberty interests" and substantive due process rights that may be implicated here differ from his Eighth Amendment claims.  Nor does plaintiff explain how the rule of construction embodied in the Ninth Amendment is applicable here.  In fact, the amended complaint states that it was defendants' alleged "cruel and unusual punishment" that violated these other constitutional provisions.  Accordingly, the Court will construe the constitutional violation underlying plaintiff's § 1983 claims  as arising under the Eighth Amendment as incorporated by the Fourteenth Amendment. *See Giroux v. Somerset County*, 178 F.3d 28, 32 (1st Cir. 1999) (citing *Robinson v. California*, 370 U.S. 660 (1962)); *Adams v. Cousins*, 2009 U.S. Dist. LEXIS 55050, at *19-*20 (D. Mass. Mar. 31, 2009).

malpractice does not give rise to a constitutional claim; rather, the treatment provided must have been so inadequate as 'to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 162 (1st Cir. 2006) and *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Put another way, defendants' conduct must be "so grossly inadequate as to constitute a knowing denial of proper medical care." *DesRosiers v. Moran*, 949 F.2d 15, 20 (1st Cir. 1991).

### 1.     **Claims Against Geraldine Somers**

The amended complaint alleges that Geraldine Somers acted "uppity" and  interrupted plaintiff when he complained about his pain. This falls far short of alleging that Somers acted with "deliberate indifference" to plaintiff's health or safety and that her conduct resulted in an objectively serious deprivation of plaintiff's medical care. *See, e.g.*, *DesRosiers v. Moran*, 949 F.2d 15, 19-20 (1st Cir. 1991); *Hennessy v. Dennehy*, 2010 U.S. Dist. LEXIS 90692, at *24 (D. Mass. Sept. 1, 2010). Somers's motion to dismiss will therefore be granted as to all claims against her.[5]

### 2.     **Claims Against Pam Jones**

The amended complaint alleges that on several occasions Pam Jones crushed plaintiff's medications, so that he could not take them, and that she was rude and often yelled at him. (*See* Am. Compl. ¶¶ 25, 31, 36, 72). In one incident in particular, Jones allegedly yelled at plaintiff and told him that he could not see a different doctor and that they were taking him off his medication. (*See id.* ¶ 31). Although the amended complaint is not entirely clear, construed

---

[5] To the extent that plaintiff bases any claims against Somers on negligence grounds that are separate from his allegation that she caused him cruel and unusual punishment, those claims will be dismissed as well. Even if plaintiff had made out a separate claim of negligence, which does not appear to be the case, Somers, as a state employee, would be immune under the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 2.

liberally, it appears to allege that defendant deliberately withheld medication and as a result plaintiff suffered increased pain. (*See id.* ¶ 59, 71). That is sufficient to survive a motion to dismiss. *See Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) ("[W]here knowledge of the need for medical care is accompanied by the intentional refusal to provide that care, the deliberate indifference standard has been met." (internal alterations, quotations, and citations omitted)). Jones's motion to dismiss plaintiff's § 1983 claim will therefore be denied.[6]

### 3.    Claims Against Sue Rogers

The amended complaint does not allege a single fact concerning the conduct of Sue Rogers. After naming Rogers as a defendant, the amended complaint does not mention her again until it asserts that her conduct "makes her liable . . . to suit under negligence, and deliberate indifference." (Am. Compl. at 24). Plaintiff's mere assertion that her conduct was negligent or otherwise violated his rights is insufficient to satisfy the minimal pleading requirements of Rule 8(a). *Doyle*, 103 F.3d at 190. Rogers's motion to dismiss will therefore be granted as to all claims against her.

### B.    Plaintiff's Motion to Reconsider Dismissal of Claims Against Defendants Evangelidis and Jenkins

The Court dismissed all claims against defendants Evangelidis and Jenkins because Evangelidis and Jenkins are not mentioned in the facts section of the amended complaint, and the assertion that they failed to correct an unconstitutional policy in the request for relief is

---

[6] The Court notes that the medical malpractice claims against Jones will be dismissed. Ordinarily, a plaintiff who fails to state a claim for medical malpractice also fails to state a claim for violation of his rights under the Eighth Amendment. *See Leavitt*, 645 F.3d at 497 ("[E]ven malpractice does not give rise to a constitutional claim . . . ."). However, the medical malpractice claims were dismissed due to plaintiff's failure to post a bond, not on their merits.

conclusory.  Plaintiff has moved that the Court reconsider its order.  Plaintiff cites portions of the amended complaint that he contends allege that the sheriff's department (and therefore, presumably, Evangelidis and Jenkins) are liable for negligence and deliberate indifference.  However, the cited portions of the amended complaint are nothing more than general allegations of alleged misconduct and do not even mention Evangelidis and Jenkins.  To survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The factual allegations in the amended complaint fail to do so.

        To the extent that the specific allegations of negligence surrounding the motor-vehicle accident could be liberally construed to allege that defendants Evangelidis and Jenkins are liable for negligence, defendants are immune under the Massachusetts Tort Claims Act.  Section 2 of the Tort Claims Act creates a cause of action only against "public employers."  Mass. Gen. Laws ch. 258, § 2.  The statute explicitly exempts individual employees from liability:  "no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment."  *Id.*  Thus, "employees of Massachusetts public employers are immune from liability for negligent acts committed within the scope of their office or employment."  *Wiesman v. Hill*, 629 F. Supp. 2d 106, 113 (D. Mass. 2009) (citing *Jackson v. Town of Milton*, 41 Mass. App. Ct. 908 (1996)); *Monahan v. Methuen*, 408 Mass. 381, 392 (1990) ("'a public employee is immune from a claim arising out of gross negligence because such a claim qualifies as a "negligent or wrongful act or omission" under § 2.'" (quoting *McNamara v. Honeyman*, 406 Mass. 43, 46 (1989)).   Employees of the Worcester County

Sheriff's Office are public employees for purposes of the Tort Claims Act.  *See* Mass. Gen. Laws ch. 34B § 12 ("the sheriff of an abolished county . . . shall become an employee of the commonwealth."); *id* § 13 ("An employee of a sheriff of an abolished county . . . shall be an 'employee' or 'public employee' as defined in section 1 of chapter 150E.").

Plaintiff's motion to reconsider will therefore be denied.[7]

## III.   <u>Conclusion</u>

For the foregoing reasons,

1.      The medical malpractice claims against defendants Somers, Rogers, and Jones are DISMISSED.

2.      The motions of defendants Somers and Rogers to dismiss the § 1983 claims brought against them are GRANTED, and all remaining claims against them are DISMISSED.

3.      The motion of defendant Jones to dismiss the  § 1983 claims brought against her is DENIED.

4.      Plaintiff's motion to reconsider is DENIED.

5.      Plaintiff's motion to compel discovery concerning defendants Evangelidis and Jenkins is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 3, 2012

---

[7] Plaintiff has also moved to compel discovery as to Evangelidis and Jenkins.  Because all claims against Evangelidis and Jenkins have been dismissed, the motion will be denied as moot.