UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN RUA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 10-40251-FDS |
| GUY W. GLODIS, GERALDINE ) | |
| SOMERS, THOMAS PATNAUDE, ) | |
| KATHY WISNIEWSKI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER
ON DEFENDANT PATNAUDE'S MOTIONS TO DISMISS**

**SAYLOR, J.**

This action is brought by a state prisoner for alleged medical malpractice and inadequate prison conditions arising out of injuries that he contends he suffered in a motor vehicle accident while being transported in custody. After the accident, plaintiff Edwin Rua was treated by defendants Pam Jones, Sue Rogers, Thomas Patnaude, Geraldine Somers, and other unnamed medical staff.[1] Rua filed a *pro se* amended complaint alleging that defendants are liable under 42 U.S.C. §§ 1983, 1985, and 1986 for violating and conspiring to violate his rights under various constitutional provisions including the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments, and that all defendants are liable under state law under various tort theories including medical malpractice and negligence.

On June 25, 2012, defendant Thomas Patnaude moved to dismiss the claims against him

---

[1] The amended complaint also names Kathy Wisniewski, the Medical Department Director, and Guy Glodis, Lewis Evangelidis, Shawn Jenkins of the Worcester County Sheriff's Department as defendants.

under Mass. Gen. Laws ch. 231 § 60B and Fed. R. Civ. P. 12(b)(6).  For the following reasons, that motion will be denied without prejudice.

On June 25, 2012, the Court granted defendant Patnaude's earlier motion to reconsider its decision regarding the referral of the claims against him to a medical-malpractice tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B.  The Court determined that its earlier referral of the plaintiff's medical-malpractice claims against all defendants did not encompass the claims against Patnaude because he was not yet a formal defendant at the time the referral order issued in March 2011.  Accordingly, the Court issued a new order referring the claims asserted against defendant Patnaude to the Superior Court for hearing by a medical-malpractice tribunal appointed by the court pursuant to Mass. Gen. Laws ch. 231, Section 60B.  The medical-malpractice tribunal has yet to render a decision on the claims against defendant Patnaude.

This Court cannot resolve the entirety of defendant Patnaude's motion to dismiss until the medical-malpractice tribunal has decided the claims before it.  Accordingly, that motion is DENIED without prejudice to its renewal after an order of the tribunal is issued.

**So Ordered.**

Dated: March 5, 2013

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge